IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH HEALY-ZORZA, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| vs. | ) |
| | ) PH |
| SARA LEE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**FILED**
**DECEMBER 31, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 9**

**JUDGE NORGLE**
**MAGISTRATE JUDGE DENLOW**

## COMPLAINT

Plaintiff Elizabeth Healy-Zorza ("Plaintiff"), by and through her attorneys, ALAN H. SHIFRIN & ASSOCIATES, LLC. and against SARA LEE CORPORATION ("Defendant") state as follows:

### INTRODUCTION

1. This action seeks redress by Plaintiff for violation of the Family Medical Leave Act ("FMLA") by Defendant, 29 USCS §§ 2601 et seq., for redress of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as amended, and Title 1 of the Civil Rights Act of 1991, and for redress of retaliation in violation of Titles I and Title V of the Americans with Disabilities Act of 1990 (ADA) by her employer, Defendant SARA LEE CORPORATION.

2. Plaintiff was discharged on January 16, 2007 in retaliation for filing a claim against her employer with the Equal Employment Opportunity Commission ("EEOC") that alleged violations of Title VII of the Civil Rights Act of 1964 due to her sex and pregnancy, and the Americans with Disabilities Act of 1990 due to her disability; in anticipation of filing such a claim with the EEOC; for complaining of these violations and discrimination to her supervisors both orally and in writing previous to filing a complaint with the EEOC; all of this done in furtherance of a conspiracy to remove the Plaintiff from her employ due to her complaints of discrimination, harassment, qualified medical absences, qualified medical workload reduction,

1

and questioning company policy on such matters.

3. Defendant violated the FMLA by not restoring Plaintiff to the same or equivalent job upon her return to work after a eligible FMLA leave by reducing her responsibilities significantly upon her return to work, having Plaintiff train the person who was hired to cover her workload while on leave, and then eventually moving this person into Plaintiff's position permanently upon Plaintiff's termination.

4. Plaintiff was discriminated against due to her sex - female, pregnant, and her disability - diabetic, subjected to pervasive harassment and hostile work environment, and retaliated against for complaining of discrimination.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USCS § 1331 and §1343.

6. The corporate headquarters of Defendant is located in Downers Grove, Illinois and as such, the venue of the United States District Court for the Northeastern District of Illinois, Eastern Division is proper under 28 USCS § 1391.

7. All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt of a "right-to-sue" letter issued by the EEOC on October 3, 2007. See Exhibit A. Plaintiff has commenced this action within 90 days after her receipt of the EEOC notice of right to sue. The EEOC complaint, as amended, was filed within 180 days of the unlawful conduct alleged in this complaint. See Exhibit B.

## THE PARTIES

8. Defendant is a Maryland Corporation with its headquarters in Downers Grove, Illinois. Defendant was Plaintiff's employer from October 27, 2003 as a Human Resources Manager until she was discharged on January 17, 2007.

9. At all relevant times complained of herein, Defendant was, and is now an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 USCS §2000e-(b),(g), and (h). Defendant has over 500 employees for twenty

weeks in the current and proceeding calendar year for purposes of 42 USCS § 1981(a)(3)(d).

10.  Defendant employees Cyndy Rosenbloom, Sara Getting, Cynthia Dickens and Jill Weitz were Plaintiff's supervisors as defined and interpreted under Title VII.

## FACTS UPON WHICH CLAIMS ARE BASED

11.  On January 23, 2006 Plaintiff was placed on part-time disability leave at 50% time by order of her physician from January 23, 2006 until March 13, 2006 due to complications relating to her diabetes. From March 14, 2006 until May 7, 2006 Plaintiff was on FMLA leave due to the birth of her child. Plaintiff was cleared to return on FMLA reduced leave schedule from May 8, 2006 until July 4, 2006 at 50% time by her physician due to complications relating to her pregnancy and her diabetes. On July 5, 2006 she returned full-time with the permission of her physician completing 12 full weeks of FMLA leave (8 full-time and 8 at 50% reduced leave schedule).

12.  Previous to June 6, 2006 Plaintiff held the title of Human Resources Manager for the Sara Lee bakeries in Grand Rapids, Michigan and in Marquette, Michigan. On June 6, 2006, during Plaintiff's part-time FMLA reduced leave schedule, the responsibilities of being Human Resources Manager for the Grand Rapids, Michigan bakery was permanently assigned to a newly hired employee, Tanya Ross. When Plaintiff returned from FMLA leave on July 6, 2006 she was now limited to human resource management of the Marquette bakery a reduction of at least 50% of her previous duties.

13.  On January 31, 2006 in a conference call between Plaintiff, the Marquette bakery manager Dave Edgren, Cyndy Rosenbloom, and Sara Getting, Cyndy Rosenbloom advised Plaintiff that they would "look the other way" if she decided to never come back from her planned FMLA maternity leave and would pay her full salary and benefits up through the end of the 12 week FMLA period.

14.  On September 8, 2006, Plaintiff was given her annual performance evaluation by her supervisors, Sara Getting and Cynthia Dickens via conference call. Plaintiff was not given the standard 3% wage increase. Plaintiff was told by Sara Getting that she was not eligible for the 3% increase because Plaintiff was "not even at work for most of the year".

15. On December 20, 2006 Plaintiff wrote a letter to Jill Weitz, Corporate Vice President of Human Resources for Sara Lee detailing all of Plaintiff's issues involving sex discrimination and violations of the ADA and FMLA and asking for a meeting to discuss the issues. See Exhibit C. On January 12, 2007 Plaintiff filed a complaint with the EEOC. See Exhibit B. A meeting was scheduled on January 16, 2007 at the Marquette Bakery between Plaintiff and Jill Weitz and Cynthia Dickens during which Plaintiff was terminated. Plaintiff was verbally told by both Jill Weitz and Cynthia Dickens that she was being terminated due to the Marquette Bakery being too small to support a Human Resources Manager and her position was being eliminated and due to her poor attitude. On January 17, 2007 Plaintiff amended her complaint with the EEOC to include the events of this meeting. See Exhibit B. Upon information and belief, shortly after this date, Tanya Ross made the Human Resources Manager both the Grand Rapids Bakery and the Marquette Bakery.

## COUNT 1
(Violation of the FMLA Act - 29 USCS §§ 2601 et seq.- Failure to Restore Position)

16. Plaintiff restates and realleges by reference paragraphs 1 - 15 above as though fully set forth herein.

17. In violation of Sec. 104(a) of the Act, Plaintiff was not restored by the employer to the position of employment held by the employee when the leave commenced or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment upon return to work after her FMLA leave.

18. Plaintiff was terminated from her position on January 16, 2007 and replaced with the employee, Tanya Ross, who had been permanently assigned approximately one half of Plaintiff's duties while Plaintiff was on FMLA leave. Plaintiff was told by her supervisors that she was being terminated due to the lack of need a Human Rights Manager over the Marquette bakery. Had she been properly restored to the same or equivalent position after her FMLA leave, her responsibilities would have been significantly the same as the position awarded to Tanya Ross plus her current responsibilities.

19. Based upon information and belief, Plaintiff's annual bonus was calculated on

4

many factors including scope of responsibility; as such, Plaintiff's bonus would have been significantly higher if she had properly been restored to the same or equivalent position of employment after returning from FMLA leave.

COUNT 2

(Violation of the FMLA Act - 29 USCS §§ 2601 et seq.- Discrimination)

20. Plaintiff restates and realleges by reference paragraphs 1 - 15 above as though fully set forth herein.

21. Plaintiff was discriminated against in direct violation of Sec. 105(a)(2) of the Act in that in her annual review she did not receive the standard raise due to her being "not even at work for most of the year".

22. Plaintiff's position and responsibilities were systematically taken away from her and given to Tanya Ross, a newly hired employee, due to and in retaliation for Plaintiff's FMLA leave of absence.

23. In direct violation of Sec. 105(a)(2) of the Act, in retaliation for asserting her rights under this statute, and after notification to the Defendant on multiple occasions of the ensuing discrimination both orally and in writing, Plaintiff was terminated from her position on January 16, 2007.

24. The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff, and by engaging and condoning retaliatory conduct the defendant discriminated against the Plaintiff in violation of the FMLA Act - 29 USCS §§ 2601 et seq

25. The Defendant intentionally subjected the Plaintiff to Unequal and discriminatory treatment by retaliating against her for complaining about the discrimination and by refusing and failing to protect Plaintiff from retaliation by other employees including but without limitations the following:

    a. Defendant failed or refused to conduct a meaningful and reasonable

5

    investigation into Plaintiff's complaints;

  b. Defendant refused and failed to take prompt and appropriate action to prevent retaliatory conduct against Plaintiff after she complained about the discrimination;

  c. Defendant retaliated against the Plaintiff by subjected her to an unwarranted termination.

26. The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

27. The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights.

## COUNT 3

(Title VII of the Civil Right Acts of 1964 as amended - Retaliation)

28. Plaintiff restates and realleges by reference paragraphs 1 - 16 above as though fully set forth herein.

29. In violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff was discriminated against due to her pregnancy and the ensuing leave under the ADA and FMLA.

30. Due to taking time off of work for medically excused pregnancy leave, Plaintiff was denied the standard raise of 3% and only given a raise of 1.5% due to her being "not even at work for most of the year".

31. Plaintiff's position and responsibilities was systematically taken away from her and given to Tanya Ross, a newly hired employee with little experience, due to and in retaliation for Plaintiff's extended leave of absence due to pregnancy.

32. Plaintiff was terminated in retaliation for taking such leave and the complaining to the Defendant about the ensuing discrimination.

33. The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal

employment to, and otherwise adversely affecting the Plaintiff, and by engaging and condoning retaliatory conduct the defendant discriminated against the Plaintiff in violation of Title VII of the Civil Right Acts of 1964 as amended.

34. The Defendant intentionally subjected the Plaintiff to Unequal and discriminatory treatment by retaliating against her for complaining about the discrimination and by refusing and failing to protect Plaintiff from retaliation by other employees including but without limitations the following:

    a. Defendant failed or refused to conduct a meaningful and reasonable investigation into Plaintiff's complaints;

    b. Defendant refused and failed to take prompt and appropriate action to prevent retaliatory conduct against Plaintiff after she complained about the discrimination;

    c. Defendant retaliated against the Plaintiff by subjected her to an unwarranted termination.

35. The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

36. The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights.

## COUNT 4
### (ADA - Retaliation)

37. Plaintiff restates and realleges by reference paragraphs 1 - 15 above as though fully set forth herein.

38. In violation of the ADA, Plaintiff was discriminated against due to her pregnancy and the ensuing leave under the ADA and FMLA.

39. Due to taking time off of work for medically excused disability leave, Plaintiff was denied the standard raise of 3% and only given a raise of 1.5% due to her being "not even at work for most of the year".

40. Plaintiff's position and responsibilities was systematically taken away from her and given to Tanya Ross, a newly hired employee, due to Plaintiff's excused disability leave of absence.

41. Plaintiff was terminated in retaliation for taking such leave and the complaining to the Defendant about the ensuing discrimination.

42. The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff, and by engaging and condoning retaliatory conduct the defendant discriminated against the Plaintiff in violation of the ADA.

43. The Defendant intentionally subjected the Plaintiff to Unequal and discriminatory treatment by retaliating against her for complaining about the discrimination and by refusing and failing to protect Plaintiff from retaliation by other employees including but without limitations the following:

    a. Defendant failed or refused to conduct a meaningful and reasonable investigation into Plaintiff's complaints;

    b. Defendant refused and failed to take prompt and appropriate action to prevent retaliatory conduct against Plaintiff after she complained about the discrimination;

    c. Defendant retaliated against the Plaintiff by subjected her to an unwarranted termination.

44. The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

45. The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights.

## COUNT 5
(Civil Conspiracy)

46. Plaintiff restates and realleges by reference paragraphs 1 - 15 above as though fully set forth herein.

47. This count is properly before this Court on Pendent jurisdiction.

48. According to information and belief, employees and agents of Defendant were angered that the Plaintiff had taken a significant FMLA and ADA leave then complained about the ensuing discrimination, and sought to conspire together to deprive the Plaintiff of her job in violation of existing Illinois Law by "eliminating" her position and then placing another employee in the same position that was just "eliminated".

49. The intent at all times to eliminate the Plaintiff's position took place systematically and consciously over a 12 month period of time.

## PRAYER

50. Because Defendants have engaged in the acts and practices described above, Defendants have violated the law as alleged in this Complaint and have caused injury, loss and damage to the Plaintiff.

51. WHEREFORE, Plaintiff prays and demands the following relief:

1. That Defendants be cited according to law to appear and answer herein;
2. Trial by jury of all issues so triable;
3. A judgment awarding all compensation and benefits including back pay, a sum in excess of $60,000;
4. A judgment awarding Plaintiff all costs and attorneys fees as allowed per statute;
5. A judgment awarding Plaintiff all statutory damages due under the statutes complained hereinunder;
6. A judgment awarding Punitive damages as allowed by law and under the statutes complained hereinunder, a sum in excess of $180,000;
7. The Plaintiff further prays that the Court grant all other relief to which the Plaintiff may show itself entitled.

Respectfully submitted,

ELIZABETH HEALY-ZORZA

By:    /s/ Jeffrey S. Marks
       /s/Terry D. Slaw
       Two of Its Attorneys

       Jeffrey S. Marks (ARDC# 6290132)
       Terry D. Slaw (ARDC# 06183906)
       ALAN H. SHIFRIN & ASSOCIATES
       3315 Algonquin Rd. #202
       Rolling Meadows, IL 60008
       847-222-0500

       Dated: December 31, 2007

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Elizabeth M. Healy<br>2303 Center Street<br>Marquette, MI 49855 | From: | Detroit Field Office<br>477 Michigan Avenue<br>Room 865<br>Detroit, MI 48226 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 471-2007-01314 | Frances Angiano,<br>Investigator | | (313) 226-6806 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____    10/3/07
Danny G. Harter,                   (Date Mailed)
Director

Enclosures(s)

cc:  Kathryn Woodward, Counsel
     Sara Lee Food & Beverage
     3500 Lacey Road
     Downers Grove, IL 60515-5424


Plaintiff's Exhibit A



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). Incomplete responses may delay further processing of your questionnaire by EEOC. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a."

**(PLEASE PRINT)**

1. **Personal Information**
Last Name: Healy  First Name: Elizabeth  MI: M.
Street or Mailing Address: 2303 Center St.  Apt Or Unit #: ___
City: Marquette  County: Marquette  State: MI  Zip: 49855
Phone Numbers: Home: (906) 226-7595  Work: (906) 226-2567, ext. 405
Cell: (906) 250-8662  Email Address: Elizabeth.Healy@saralee.com
Date of Birth: 5-1-1965  Sex: Male___ Female X  Race: White
National Origin / Ethnicity: Caucasian  Do You Have a Disability? Yes X  No ☐

Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: Kathy Houle  Relationship: Sister
Address: 2582 Huron St  City: Marquette  State: MI  Zipcode: 49855
Zip: 49855  Home Phone: (906) 225-0047  Other Phone: (906) 360-6164

I believe that I was discriminated against by the following organization(s): (Check those that apply)

Employer X  Union ___  Employment Agency ___  Other (Please Specify) ___

2. **Organization Contact Information**
Organization #1 Name: Sara Lee Food and Beverage
Address: 3500 Lacey Road
City: Downers Grove  State: IL  Zip: 60515-5424  Phone: (630) 598-6000
Type of Business: Bakery  Job Location if different from Org. Address: 855 W Washington St Marquette
Human Resources Director or Owner Name: Jill Weitz, VPHR  Phone: (630) 598-7797

Number of Employees in the Organization at All Locations: Please Check (✓) One
Less Than 15 ___  15 - 100 ___  101 - 200 ___  201 - 500 ___  More 500 X

Organization #2 Name: n/a
Address: n/a  State: n/a  Zip: n/a  Phone: n/a
City: n/a

Plaintiff's Exhibit B

2

Type of Business: __n/a__   Job Location if not at Org. Address: __n/a__
Human Resources Director or Owner Name: __n/a__   Phone: __n/a__
Number Of Employees In The Organization At All Locations: please check (✓) one
Less Than 15 ☐   15 – 100 ☐   101 – 200 ☐   201 – 500 ☐   More 500 ☐

3. Your Employment Data (Complete as many items as you can)
   Date Hired: __10-27-03__   Job Title At Hire: __Human Resources Manager__
   Pay Rate When Hired: __1057.69/week__   Last or Current Pay Rate: __1173.08/wk__
   Job Title at Time of Alleged Discrimination: __Human Resources Manager__
   Name and Title of Immediate Supervisor: __Cynthia Dickens, Human Resources Director__
   IF Applicant, Date You Applied for Job __n/a__   Job Title Applied For __n/a__

4. What is the reason (basis) for your claim of employment discrimination?
   FOR EXAMPLE, if you are over the age of 40 and feel you were treated worse than younger employees or you have other evidence of discrimination, you should check (✓) AGE. If you feel that you were treated worse than those not of your race or you have other evidence of discrimination, you should check (✓) RACE. If you feel the adverse treatment was due to multiple reasons, such as your sex, religion and national origin, you should check all three. If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check (✓) RETALIATION.

   Race ☐   Sex ☒   Age ☐   Disability ☒   National Origin ☐   Color ☐   Religion ☐   Retaliation ☒   Pregnancy ☒

   Other reason (basis) for discrimination (Explain). __n/a__

5. What happened to you that you believe was discriminatory? **Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you.** (Example: 10/02/06 – Written Warning from Supervisor, Mr. John Soto)   — SEE ATTACHMENT A —
   A) Date: _____ Action: _____
   Name and Title of Person(s) Responsible: _____
   B) Date: _____ Action: _____
   Name and Title of Person(s) Responsible _____
   Describe any other actions you believe were discriminatory.

   _____
   _____
   _____
   _____
   _____

   (Attach additional pages if needed to complete your response.)

6. What reason(s) were given to you for the acts you consider discriminatory? By whom? Title?

My performance. This was done by Cyndy Rosenbloom (VPHR); Sara Getting (HRD); and Cynthia Dickens (HRD).

7. Name and describe others who were in the same situation as you. Explain any similar or different treatment. Who was treated worse, who was treated better, and who was treated the same? Provide race, sex, age, national origin, religion, and/or disability status of comparator if known and if connected with your claim of discrimination. Add additional sheets if needed.

| Full Name | Job Title | Description |
|---|---|---|
| 1. Eileen Karels | HR Manager | was on disability leave and returned to same position |
| 2. Teresa Gonzales | HR Manager | was on maternity leave and returned to same position |
| 3. Beth Gregory | HR Manager | was on maternity leave and upon return, a new job was created (not posted) for her |

— SEE ATTACHED —

Answer questions 8-10 only if you are claiming discrimination based on disability. If not, skip to question 11.

8. Please check all that apply:
   [X] Yes, I have an actual disability
   [X] I have had an actual disability in the past
   [ ] No disability but the organization treats me as if I am disabled

9. If you are alleging discrimination because of your disability, what is the name of your disability? How does your disability affect your daily life or work activities, e.g., what does your disability prevent or limit you from doing, if anything? (Example: lifting, sleeping normally, breathing normally, pulling, walking, climbing, caring for yourself, working, etc.).

Type 1 Diabetes and Pregnancy - (including complications). My hours were limited due to complications with my pregnancy. I was unable to travel during the last several weeks of my pregnancy. Limited ability to do all duties of my job.

10. Did you ask your employer for any assistance or change in working condition because of your disability?
    YES [X]  NO [ ]

Did you need this assistance or change in working condition in order to do your job?
YES [X]  NO [ ]

If "YES", when? Jan/Feb 2006    To whom did you make the request? Provide full name of person Cyndy Rosenbloom and Sara Getting    How did you ask (verbally or in writing)? writing (e-mail)

Describe the assistance or change in working condition requested?

Requested that mandatory meeting in Chicago be changed. Meeting was between Cyndy Rosenbloom and Sara Getting (both located in Chicago) and me. Requested on 1/23/06 in an e-mail to have the meeting via conference call. Request was denied.

— SEE ATTACHED —

11. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and indicate what they will say. Add additional pages if necessary.

| | NAME | JOB TITLE | ADDRESS & PHONE NUMBER |
|---|---|---|---|
| A. | Dave Edgren | Operations Manager | 855 W. Washington St. Marquette, MI 49855 (906)226-2587 x411 |
| B. | n/a | | |
| C. | n/a | | |

12. Have you filed a charge previously in this matter with EEOC or another agency? YES ☐ NO ☒

13. If you have filed a complaint with another agency, provide name of agency and date of filing:
no

14. Have you sought help about this situation from a union, an attorney, or any other source?
YES ☒ NO ☐ - If yes, from whom and when? Provide name of organization, name of person you spoke with and date of contact. Results, if any?
Sought counsel regarding my legal rights and options from labor counsel, colleagues, and friends ongoing from January 2006 to present.

_____ Signature          1/12/07 Today's Date

If you have not heard from an EEOC office within 30 days of mailing this form, please call toll-free number shown on the letter accompanying this form. Provide the tracking number on the attached cover letter. Please make a copy of this form for your records before mailing.

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (10/2006).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).
4. ROUTINE USES. Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information may also be disclosed to respondents in connection with litigation.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

Attachment A

5. **What happened to you that you believe was discriminatory? Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you. (Example: 10/02/06 – Written Warning from Supervisor, Mr. John Soto)**

A clear pattern of discriminatory actions and/or statements have been established, and I have also experienced ongoing retaliation, as outlined below.

A) Date: 1/31/2006    Action: Was told in a meeting (telephone conference) with the Vice President of Human Resources (Cyndy Rosenbloom), Director of Human Resources (Sara Getting), and (witnessed by) Operations Manager – Marquette (Dave Edgren) that I should stay home and take care of my kids. I was also told that I should take my destiny in my own hands and resign after my maternity leave runs out.

B) Date: 6/2006    Action: Returned from protected disability leave and my job duties and responsibilities were significantly changed.

C) Date: 9/8/2006    Action: Received an annual performance rating of "Needs Development" resulting in a less than average annual increase in salary. This will also negatively affect my bonus potential for as long as I work at Sara Lee.

D) Date: 9/8/2006    Action: Was told by Sara Getting (Director of Human Resources) that my annual increase was not more because much of the time during the evaluation period I was not at work. (I was on a protected disability leave.)

E) Date: 12/19/2006    Action: Received Written Coaching Form from Supervisor, Cynthia Dickens.

7. **Name and describe other who were in the same situation as you. Explain any similar or different treatment. Who was treated worse, who was treated better, and who was treated the same? Provide race, sex, age, national origin, religion, and/or disability status of comparator if known and if connected with your claim of discrimination. Add additional sheets if needed.**

| Full Name | Job Title | Description |
|---|---|---|
| 4. Susan Cox | Human Resources Manager | was on maternity leave and returned to same position |
| 5. Rebecca Porter | Human Resources Generalist | was on maternity leave and returned to same position |
| 6. Tiffany Johnson | Human Resources Generalist | was on maternity leave and returned to same position |
| 7. Jill Gill | Human Resources Generalist | was on maternity leave and returned to same position |
| 8. Ron Tomhave | Distribution Manager | was on disability leave and returned to same position |
| 9. Andrea Willis | Human Resources Generalist | was on maternity leave and returned to same position |

10. **Describe the assistance or change in working condition requested?**
(Continued)
I also requested on 1/23/06 in a separate e-mail to have the meeting in the morning rather than in the afternoon. Request was denied. On 1/24/06 I again suggested that the meeting be conducted via conference call and stated that to attend the meeting as scheduled was "well outside my current medical restrictions". Request denied.

To: Frances Angiano
    EEOC
    FAX- 313-226-4610

From: Elizabeth M. Healy
      PHONE 906-226-7595

Date: 2/8/07

Page 1 of 2

February 6, 2006

EEOC
Detroit Field Office
Patrick McNamara Building
477 Michigan Avenue, Room 865
Detroit, MI 48226

To Whom It May Concern:

On January 17, 2007, you received a completed Intake Questionnaire from me describing discrimination I have faced from my employer, Sara Lee, on the basis of Sex, Disability, Retaliation, and Pregnancy. The purpose of this letter is to amend my complaint to include retaliatory discharge and discrimination based on Age.

On December 18, 2006, I sent a letter to Ms. Jill Weitz, Vice President of Human Resources at Sara Lee Food & Beverage, informing her of the discrimination, retaliation, and intimidation I have faced at Sara Lee over the past year. I asked that we meet to resolve the issues. She agreed, and set up a meeting for her and Cynthia Dickens, Director of Human Resources at Sara Lee Food & Beverage, to meet with me on Tuesday, January 16, 2007 at my office in Marquette, Michigan. When Ms. Weitz and Ms. Dickens arrived at my office, they informed me that my position had been "eliminated" and I was no longer an employee of Sara Lee.

My work was then assigned to Julia Collick. Julia was a part-time employee, but was awarded a full time position effective immediately. Ms. Collick is under 40 years of age, and I am over 40 years old.

I look forward to hearing from an Investigator from your office regarding this matter.

Thank you.

Sincerely,

Elizabeth M. Healy
2303 Center Street
Marquette, MI 49855
(906) 226-7595

TO:     Jill Weitz
        VP, Human Resources

FROM:   Elizabeth M. Healy
        HR Manager, Marquette Bakery

DATE:   December 18, 2006

I am the HR Manager of Sara Lee Bakery in Marquette, Michigan, and have been employed in that position for 3 years. We have not had an opportunity to meet. However, I feel that with all that has occurred this past year it is important that you be aware of improper and discriminatory treatment towards me by members of corporate Human Resources.

On January 18, 2006 at an HR Town Hall meeting, I raised concerns regarding the Company's plan for a new Vacation Policy. I stated that because of the new policy, I would have trouble passing the GBP Mirror Test. I feel that the Company's plan to take away an earned, accrued benefit from employees was unethical and in some states may be illegal. Jill, the Company's Global Business Practice policy expects and encourages our employees to question issues that may be unjust or unfair, even to the detriment of the employee. Yet, the response from Corporate HR was to suppress any discussion as to the efficacy and justice for our employees, and to retaliate against me for doing so.

From that date, and continuing through today, because I raised legitimate concerns with a new policy, I have been the subject of harassment, discrimination and retaliation by various members of HR Corporate management. Your predecessor stated that, "I should stay home and raise my children", while fully aware that my doctor had reduced my hours due to a medical disability. I was on a reduced work schedule due to complications from Type I Diabetes and pregnancy. . When I returned to work, the duties of my position had been significantly reduced, a violation of FMLA, ADA and sex discrimination. My PMP was due in July; however I did not receive my review until September 8, 2006. I received a PMP that constituted a negative review, without facts to support it. When I questioned my review and provided a detailed self evaluation, it was ignored. I also requested, in writing, assistance from the HR Corporate management with the alleged deficiencies in my performance. That request was also ignored, and to this date I

Plaintiff's
Exhibit
C

have not received any. I was told that my absence from work during the winter/spring of 2006 (while on FMLA) was a factor; a specific discriminatory act. Further discriminatory statements were made to me during my PMP review, which I believe all stem from my GBP comments in January, 2006.

Jill, I have tried many times to resolve these issues without success. I have performed well for the Company and enjoy my job and the people with whom I work. As an HR professional, I would be embarrassed if the managers I work with on a daily basis treated our employees the way I have been treated since stating my concerns about the new Vacation Policy.

I believe, however, that it is time to seek resolution of my situation, and would appreciate the opportunity to discuss this further with you. I will be out of the office beginning December 20, 2006 and will return on January 2, 2007. Please feel free to contact me at 906-226-2587, ext. 405.

Sincerely,


Elizabeth M. Healy

c:   Evelyn Howell, VP Business Practices
     Sara Getting, HRD
     Cynthia Dickens, HRD