IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH HEALY-ZORZA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 00009 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | Magistrate Judge Denlow |
| SARA LEE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Sara Lee Corporation, by and through its undersigned attorneys, hereby Answers and provides the following Affirmative Defenses to Plaintiff's Complaint:

1.     This action seeks redress by Plaintiff for violation of the Family Medical Leave Act ("FMLA") by Defendant, 29 USCS §§ 2601 et seq., for redress of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as amended, and Title I of the Civil Rights Act of 1991, and for redress of retaliation in violation of Titles T and Title V of the Americans with Disabilities Act of 1990 (ADA) by her employer, Defendant SARA LEE CORPORATION.

**ANSWER**:    Defendant admits that Plaintiff seeks the relief described in this Paragraph,

but denies that she is entitled to any relief whatsoever in this action.

2.     Plaintiff was discharged on January 16, 2007 in retaliation for filing a claim against her employer with the Equal Employment Opportunity Commission ("EEOC") that alleged violations of Title VII of the Civil Rights Act of 1964 due to her sex and pregnancy, and the Americans with Disabilities Act of 1990 due to her disability; in anticipation of filing such a claim with the EEOC; for complaining of these violations and discrimination to her supervisors both orally and in writing previous to filing a complaint with the EEOC; all of this done in furtherance of a conspiracy to remove the Plaintiff from her employ due to her complaints of discrimination, harassment, qualified medical absences, qualified medical workload reduction, and questioning company policy on such matters.

**ANSWER**:    Defendant admits that Plaintiff was discharged on or about January 16,

2007, and denies the remaining allegations of this Paragraph.

3.     Defendant violated the FMLA by not restoring Plaintiff to the same or equivalent job upon her return to work after a eligible FMLA leave by reducing her responsibilities

significantly upon her return to work, having Plaintiff train the person who was hired to cover her workload while on leave, and then eventually moving this person into Plaintiff's position permanently upon Plaintiff's termination.

   **ANSWER**:    Defendant denies the allegations of this Paragraph.

   4.    Plaintiff was discriminated against due to her sex - female, pregnant, and her disability - diabetic, subjected to pervasive harassment and hostile work environment, and retaliated against for complaining of discrimination.

   **ANSWER**:    Defendant denies the allegations of this Paragraph.

   5.    The Court has jurisdiction over this matter pursuant to 28 USCS § 1331 and §1343.

   **ANSWER**:    Defendant admits that this Court has jurisdiction over this matter, subject to Defendant's Affirmative Defenses.

   6.    The corporate headquarters of Defendant is located in Downers Grove, Illinois and as such, the venue of the United States District Court for the Northeastern District of Illinois, Eastern Division is proper under 28 USCS § 1391.

   **ANSWER**:    Defendant admits the allegations of this Paragraph.

   7.    All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt of a "right-to-sue" letter issued by the EEOC on October 3, 2007.  *See* Exhibit A.  Plaintiff has commenced this action within 90 days after her receipt of the EEOC notice of right to sue.  The EEOC complaint, as amended, was filed within 180 days of the unlawful conduct alleged in this complaint.  *See* Exhibit B.

   **ANSWER**:    Defendant is without sufficient knowledge and information to admit or deny that "All conditions precedent to this lawsuit have been fulfilled," and further states that such allegations call for legal conclusions.  Defendant further states that it is without sufficient knowledge and information to admit or deny that "the EEOC complaint, as amended, was filed within 180 days of the unlawful conduct in this complaint."  Defendant admits the remaining allegations of this Paragraph.

   8.    Defendant is a Maryland Corporation with its headquarters in Downers Grove, Illinois.  Defendant was Plaintiff's employer from October 27, 2003 as a Human Resources Manager until she was discharged on January 17, 2007.

**ANSWER**:    Defendant admits the allegations of this Paragraph, except to state that it discharged Plaintiff on January 16, 2007.

9.    At all relevant times complained of herein, Defendant was, and is now an employer engaged in an industry affecting commerce within the meaning of § 701 (b), (g) and (h) of Title VB, 42 uses §2000e-(b),(g), and (h).  Defendant has over 500 employees for twenty weeks in the current and proceeding calendar year for purposes of 42 USCS § 1981(a)(3)(d).

**ANSWER**:    Defendant admits the allegations of this Paragraph.

10.    Defendant employees Cyndy Rosenbloom, Sara Getting, Cynthia Dickens and Jill Weitz were Plaintiff's supervisors as defined and interpreted under Title VII.

**ANSWER**:    Defendant states that these allegations constitute legal conclusions, and therefore Defendant denies the allegations of this Paragraph.

11.    On January 23, 2006 Plaintiff was placed on part-time disability leave at 50% time by order of her physician from January 23, 2006 until March 13, 2006 due to complications relating to her diabetes.  From March 14, 2006 until May 7, 2006 Plaintiff was on FMLA leave due to the birth of her child.  Plaintiff was cleared to return on FMLA reduced leave schedule from May 8, 2006 until July 4, 2006 at 50% time by her physician due to complications relating to her pregnancy and her diabetes.  On July 5, 2006 she returned full-time with the permission of her physician completing 12 full weeks of FMLA leave (8 full-time and 8 at 50% reduced leave schedule).

**ANSWER**:    Defendant denies the allegations of the first sentence of this Paragraph as the physician's "order" does not make such a statement.  With respect to the second sentence of this Paragraph, Defendant admits that, from on or about March 14, 2006 until on or about May 8, 2006, Plaintiff was on FMLA leave due to the birth of her child, and denies any remaining allegations of that sentence.  With respect to the third sentence of this Paragraph, Defendant denies these allegations because Defendant's "return to work" documentation is inconsistent with these allegations.  With respect to the fourth sentence of this Paragraph, Defendant is without sufficient knowledge and information to respond to these allegations, and therefore denies them.

12.    Previous to June 6, 2006 Plaintiff held the title of Human Resources Manager for
the Sara Lee bakeries in Grand Rapids, Michigan and in Marquette, Michigan.  On June 6, 2006,
during Plaintiffs part-time FMLA reduced leave schedule, the responsibilities of being Human
Resources Manager for the Grand Rapids, Michigan bakery was permanently assigned to a
newly hired employee, Tanya Ross.  When Plaintiff returned from FMLA leave on July 6, 2006
she was now limited to human resource management of the Marquette bakery a reduction of at
least 50% of her previous duties.

**ANSWER**:    Defendant admits the allegations of the first sentence of this Paragraph.

Defendant admits that on or after June 6, 2006, it hired Tanya Ross and her responsibilities

included the Grand Rapids, Michigan bakery.  Defendant denies the remaining allegations of this

Paragraph.

13.    On January 31, 2006 in a conference call between Plaintiff, the Marquette bakery
manager Dave Edgren, Cyndy Rosenbloom, and Sara Getting, Cyndy Rosenbloom advised
Plaintiff that they would "look the other way" if she decided to never come back from her
planned FMLA maternity leave and would pay her full salary and benefits up through the end of
the 12 week FMLA period.

**ANSWER**:    Defendant is without sufficient knowledge and information to respond to

these allegations.

14.    On September 8, 2006, Plaintiff was given her annual performance evaluation by
her supervisors, Sara Getting and Cynthia Dickens via conference call. Plaintiff was not given
the standard 3% wage increase.  Plaintiff was told by Sara Getting that she was not eligible for
the 3% increase because Plaintiff was "not even at work for most of the year."

**ANSWER**:    Defendant admits that, on or about September 8, 2006, Defendant gave

Plaintiff her annual performance evaluation.  Defendant is without sufficient knowledge and

information to admit or deny the remaining allegations of this Paragraph.

15.    On December 20, 2006 Plaintiff wrote a letter to Jill Weitz, Corporate Vice
President of Human Resources for Sara Lee detailing all of Plaintiffs issues involving sex
discrimination and violations of the ADA and FMLA and asking for a meeting to discuss the
issues.  *See* Exhibit C.  On January 12, 2007 Plaintiff filed a complaint with the EEOC.  *See*
Exhibit B.  A meeting was scheduled on January 16, 2007 at the Marquette Bakery between
Plaintiff and Jill Weitz and Cynthia Dickens during which Plaintiff was terminated.  Plaintiff was
verbally told by both Jill Weitz and Cynthia Dickens that she was being terminated due to the
Marquette Bakery being too small to support a Human Resources Manager and her position was
being eliminated and due to her poor attitude.  On January 17, 2007 Plaintiff amended her

complaint with the EEOC to include the events of this meeting. *See* Exhibit B. Upon information and belief, shortly after this date, Tanya Ross made the Human Resources Manager both the Grand Rapids Bakery and the Marquette Bakery.

**ANSWER**:     With respect to the first sentence of this Paragraph, Defendant admits that

Plaintiff provided a letter dated December 20, 2006 to the Company, but denies the remaining

allegations of this sentence because they constitute characterizations of the contents of that letter

and the letter speaks for itself. Defendant admits the allegations of the second and third

sentences of this Paragraph. With respect to the fourth sentence of this Paragraph, Defendant

admits that, among other things, Defendant's representatives informed Plaintiff at the January

16, 2007 meeting that she was being terminated, that her position was being eliminated, and that

her performance and conduct problems also played a role in the Company's decision to terminate

her employment. Defendant denies the remaining allegations of the fourth sentence of this

Paragraph. Defendant admits the allegations of fifth sentence of this Paragraph. With respect to

the allegations of the sixth sentence of this Paragraph, Defendant admits the allegations of this

Paragraph.

16.     Plaintiff restates and realleges by reference paragraphs 1 - 15 above as though fully set forth herein.

**ANSWER**:     Defendant restates, and incorporates by reference as though fully set forth

herein, its Answers to Paragraphs 1 through 15 above as its Answer to Paragraph 16.

17.     In violation of Sec. 104(a) of the Act, Plaintiff was not restored by the employer to the position of employment held by the employee when the leave commenced or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment upon return to work after her FMLA leave.

**ANSWER**:     Defendant denies the allegations of this Paragraph.

18.     Plaintiff was terminated from her position on January 16, 2007 and replaced with the employee, Tanya Ross, who had been permanently assigned approximately one half of Plaintiffs duties while Plaintiff was on FMLA leave. Plaintiff was told by her supervisors that she was being terminated due to the lack of need a Human Rights Manager over the Marquette

5

bakery. Had she been properly restored to the same or equivalent position after her FMLA leave, her responsibilities would have been significantly the same as the position awarded to Tanya Ross plus her current responsibilities.

**ANSWER**:    Defendant admits that Plaintiff was terminated from her position on

January 16, 2007. Defendants further admits that, during Plaintiff's termination meeting,

Defendant's representatives informed Plaintiff that she was being terminated, that her position

was being eliminated, and that her performance and conduct problems also played a role in the

Company's decision to terminate her employment. Defendant denies the remaining allegations

of this Paragraph.

19.    Based upon information and belief, Plaintiffs annual bonus was calculated on many factors including scope of responsibility; as such, Plaintiffs bonus would have been significantly higher if she had properly been restored to the same or equivalent position of employment after returning from FMLA leave.

**ANSWER**:    Defendant denies the allegations of this Paragraph, and further states that

they are premised upon speculation.

20.    Plaintiff restates and realleges by reference paragraphs 1 - 15 above as though fully set forth herein.

**ANSWER**:    Defendant restates, and incorporates by reference as though fully set forth

herein, its Answers to Paragraphs 1 through 15 above as its Answer to Paragraph 20.

21.    Plaintiff was discriminated against in direct violation of Sec. I 05(a)(2) of the Act in that in her annual review she did not receive the standard raise due to her being "not even at work for most of the year."

**ANSWER**:    Defendant denies the allegations of this Paragraph.

22.    Plaintiff's position and responsibilities were systematically taken away from her and given to Tanya Ross, a newly hired employee, due to and in retaliation for Plaintiffs FMLA leave of absence.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

23.    In direct violation of Sec. I 05(a)(2) of the Act, in retaliation for asserting her rights under this statute, and after notification to the Defendant on multiple occasions of the

ensuing discrimination both orally and in writing, Plaintiff was terminated from her position on January 16, 2007.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

24.    The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff, and by engaging and condoning retaliatory conduct the defendant discriminated against the Plaintiff in violation of the FMLA Act - 29 uses §§ 2601 et seq.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

25.    The Defendant intentionally subjected the Plaintiff to Unequal and discriminatory treatment by retaliating against her for complaining about the discrimination and by refusing and failing to protect Plaintiff from retaliation by other employees including but without limitations the following:
   a.    Defendant failed or refused to conduct a meaningful and reasonable investigation into Plaintiffs complaints;
   b.    Defendant refused and failed to take prompt and appropriate action to prevent retaliatory conduct against Plaintiff after she complained about the discrimination;
   c.    Defendant retaliated against the Plaintiff by subjected her to an unwarranted termination.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

26.    The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

27.    The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiffs rights.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

28.    Plaintiff restates and realleges by reference Paragraphs 1 - 16 above as though fully set forth herein.

**ANSWER**:    Defendant restates, and incorporates by reference as though fully set forth

herein, its Answers to Paragraphs 1 through 15 above as its Answer to Paragraph 28.

29.    In violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff was

7

discriminated against due to her pregnancy and the ensuing leave under the ADA and FMLA.

      **ANSWER**:   Defendant denies the allegations of this Paragraph.

      30.    Due to taking time off of work for medically excused pregnancy leave, Plaintiff was denied the standard raise of 3% and only given a raise of 1.5% due to her being "not even at work for most of the year."

      **ANSWER**:   Defendant denies the allegations of this Paragraph.

      31.    Plaintiffs position and responsibilities was systematically taken away from her and given to Tanya Ross, a newly hired employee with little experience, due to and in retaliation for Plaintiffs extended leave of absence due to pregnancy.

      **ANSWER**:   Defendant denies the allegations of this Paragraph.

      32.    Plaintiff was terminated in retaliation for taking such leave and the complaining to the Defendant about the ensuing discrimination.

      **ANSWER**:   Defendant denies the allegations of this Paragraph.

      33.    The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff, and by engaging and condoning retaliatory conduct the defendant discriminated against the Plaintiff in violation of Title VII of the Civil Right Acts of 1964 as amended.

      **ANSWER**:   Defendant denies the allegations of this Paragraph.

      34.    The Defendant intentionally subjected the Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about the discrimination and by refusing and failing to protect Plaintiff from retaliation by other employees including but without limitations the following:
    a.    Defendant failed or refused to conduct a meaningful and reasonable investigation into Plaintiffs complaints;
    b.    Defendant refused and failed to take prompt and appropriate action to prevent retaliatory conduct against Plaintiff after she complained about the discrimination;
    c.    Defendant retaliated against the Plaintiff by subjected her to an unwarranted termination.

      **ANSWER**:   Defendant denies the allegations of this Paragraph.

      35.    The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

36.    The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiffs rights.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

37.    Plaintiff restates and realleges by reference paragraphs 1 - 15 above as though fully set forth herein.

**ANSWER**:    Defendant restates, and incorporates by reference as though fully set forth

herein, its Answers to Paragraphs 1 through 15 above as its Answer to Paragraph 37.

38.    In violation of the ADA, Plaintiff was discriminated against due to her pregnancy and the ensuing leave under the ADA and FMLA.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

39.    Due to taking time off of work for medically excused disability leave, Plaintiff was denied the standard raise of 3% and only given a raise of 1.5% due to her being "not even at work for most of the year."

**ANSWER**:    Defendant denies the allegations of this Paragraph.

40.    Plaintiff's position and responsibilities was systematically taken away from her and given to Tanya Ross, a newly hired employee, due to Plaintiff's excused disability leave of absence.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

41.    Plaintiff was terminated in retaliation for taking such leave and the complaining to the Defendant about the ensuing discrimination.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

42.    The actions of the Defendant, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff, and by engaging and condoning retaliatory conduct the defendant discriminated against the Plaintiff in violation of the ADA.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

43.    The Defendant intentionally subjected the Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about the discrimination and by refusing and failing to protect Plaintiff from retaliation by other employees including but without limitations the following:

    a.    Defendant failed or refused to conduct a meaningful and reasonable investigation into Plaintiff's complaints;

    b.    Defendant refused and failed to take prompt and appropriate action to prevent retaliatory conduct against Plaintiff after she complained about the discrimination;

    c.    Defendant retaliated against the Plaintiff by subjected her to an unwarranted termination.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

44.    The actions of the part of the Defendant have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

45.    The Defendant did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights.

**ANSWER**:    Defendant denies the allegations of this Paragraph.

46.    Plaintiff restates and realleges by reference paragraphs 1-15 above as though fully set forth herein.

**ANSWER**:    Defendants are not providing any response to this Paragraph, or to

Paragraphs 47 through 50, because these Paragraphs (Civil Conspiracy) are the subject of a

Motion to Dismiss filed by Defendant.

51.    WHEREFORE, Plaintiff prays and demands the following relief:

    1.    That Defendant be cited according to law to appear and answer herein;

    2.    Trial by jury of all issues so triable;

    3.    A judgment awarding all compensation and benefits including back pay, a sum in excess of $60,000;

    4.    A judgment awarding Plaintiff all costs and attorneys fees as allowed per statute;

    5.    A judgment awarding Plaintiff all statutory damages due under the statutes complained hereinunder;

    6.    A judgment awarding Punitive damages as allowed by law and under the statutes complained hereinunder, a sum in excess of $180,000;

7.    The Plaintiff further prays that the Court grant all other relief to which the Plaintiff may show itself entitled.

**ANSWER**:    Defendant denies that Plaintiff is entitled to any relief whatsoever in this action, and further prays for the entry of an Order granting judgment in its favor and against Plaintiff on all Counts of Plaintiff's Complaint, for its fees and costs, and for such other and further relief as is appropriate under the circumstances.  Defendant further states that the allegations/prayer for relief in this Paragraph are subject to Defendant's Affirmative Defenses as set forth below.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief can be based.

2.    Plaintiff's claims are barred, in whole or part, to the extent that any of the conduct alleged by Plaintiff in support of those claims was not the subject of a timely-filed Charge of Discrimination.

3.    Plaintiff's claims are barred, in whole or part, by her failure to follow Defendant's internal procedures for bringing allegations of discrimination, harassment, or retaliation to the attention of the Company.

4.    Plaintiff's claims are barred because Defendant's employment actions with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons.

5.    Plaintiff's claims are barred because Defendant has at all times acted in good faith in its dealings with Plaintiff and has not intentionally or willfully discriminated or retaliated against Plaintiff or breached any duty it had towards the Plaintiff in violation of any federal or state statute or common law principle and, therefore, is not liable for injunctive, declaratory,

compensatory or punitive damages or prejudgment interest, attorney's fees, except witness fees, costs or expenses whatsoever.

 6. Plaintiff's alleged causes of action do not state facts sufficient to enable Plaintiff to recover punitive damages.

 7. Plaintiff's claims are barred to the extent that she has failed to mitigate her alleged damages.

 8. Plaintiff is not entitled to, and is barred from seeking, the recovery of compensatory or punitive damages on her claim for ADA retaliation.

 9. Plaintiff does not have the right to a jury trial on her ADA retaliation claim.

 10. Defendant reserves the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this litigation.

 **WHEREFORE**, Defendant, Sara Lee Corporation, by and through its undersigned attorneys, respectfully requests the entry of an Order granting judgment in its favor and against Plaintiff on all Counts of Plaintiff's Complaint, for its fees and costs, and for such other and further relief as is appropriate under the circumstances.


     **By:** **/s/ Michael I. Leonard**
       **One of the attorneys for Defendant**

Michael I. Leonard
Dawn Blume
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7925 (phone)
(312) 474-7898 (fax)
Dated: February 22, 2008

## CERTIFICATE OF SERVICE

To:    Jeffrey S. Marks
       Terry D. Slaw
       Alan H. Shifrin & Associates
       3315 Algonquin Road, #202
       Rolling Meadows, IL  60008

       I, Michael I. Leonard, an attorney, certify that on February 22, 2008, I caused a copy of
**DEFENDANT SARA LEE'S ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT** to be served on the attorney(s) of record via the Court's ECF electronic delivery
system.

                              By:    ***/s/ Michael I. Leonard***
                                     Michael I. Leonard